**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JAY P. CLARK,<br><br>Debtor,<br>_____<br><br>CLARK'S CRYSTAL SPRINGS RANCH, LLC and CLARK FARMS FAMILY TRUST,<br><br>Appellants,<br><br>v.<br><br>JEREMY J. GUGINO, Chapter 7 Trustee,<br><br>Appellee. | No.   16-60025<br><br>BAP No. 15-1010<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Kirscher, and Faris, Bankruptcy Judges, Presiding

Submitted July 10, 2017**
Portland, Oregon

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and OWENS, Circuit Judges, and CHHABRIA,*** District Judge.

**1.** Under well-settled Ninth Circuit law, the bankruptcy court had the power to enter a substantive consolidation order. *See In re Bonham*, 229 F.3d 750, 763 (9th Cir. 2000). The Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), does not compel a different result. There, the Court held that "a bankruptcy court may not contravene specific statutory provisions" of the Bankruptcy Code. *Id.* at 1194. Ordering substantive consolidation, however, does not contravene specific provisions of the Bankruptcy Code. While the Code does not explicitly authorize substantive consolidation, neither does the Code forbid it. That there are other ways to bring non-debtors into a bankruptcy case also does not render substantive consolidation in conflict with express provisions of the Code. Bankruptcy courts retain equitable power to grant substantive consolidation notwithstanding Congress's amendment of the Code without codifying that power. *Bonham*, 229 F.3d at 765.

**2.** The bankruptcy court did not err in ordering substantive consolidation. Under *Bonham*, substantive consolidation is appropriate if the bankruptcy court determines either that (1) creditors dealt with the consolidated entities as a single

---

*** The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

economic unit or (2) the debtor's affairs were so entangled that consolidation would benefit all creditors. *Id.* at 766. Sufficient evidence supports the bankruptcy court's finding under the first prong that creditors dealt with Jay P. Clark, Clark's Crystal Springs Ranch, LLC (the LLC), and the Clark Farms Family Trust (the Trust) as a single economic unit. That evidence included Clark's exclusive control over the LLC and the Trust; Clark's personal liability for the LLC's liabilities; the lack of records tracking the LLC's distributions to Clark; and the LLC's payments for Clark's student loans, his children's housing, and his then-girlfriend's personal expenses. Additionally, the bankruptcy court did not clearly err in determining that the evidence on the separateness of the entities was conflicting, inconclusive, and not credible. Because the *Bonham* test is disjunctive, we need not reach its second prong, including the question whether substantive consolidation benefitted all creditors.

Contrary to defendants' arguments, the bankruptcy court did not err by failing to consider Idaho law. The law of substantive consolidation is governed by federal bankruptcy law, not state law.

**AFFIRMED.**